United States District Court
Southern District of Texas
**ENTERED**
September 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESSE ROBERT ROSE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-90 |
| | § | |
| BOBBY LUMPKIN, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 29, 2022, Petitioner Jesse Robert Rose filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Rose, a state prisoner, alleges that he is being denied good time credits, which if applied to his sentence, would result in his immediate release. Id.

On September 23, 2022, Respondent Bobby Lumpkin ("the State") filed the state court records and an answer to the petition. Dkt. Nos. 13, 14.

After reviewing the record and the relevant case law, it is recommended that the petition be dismissed without prejudice for failure to exhaust state remedies. Alternatively, the petition should be dismissed as substantively meritless.

## I. Background

On October 8, 2019, a state court grand jury, sitting in San Patricio County, Texas, indicted Rose for (1) escaping from arrest, causing bodily injury to a peace officer with a deadly weapon; (2) assaulting a peace officer by use of a deadly weapon; (3) assaulting a peace officer; and (4) taking a weapon from a peace officer. Dkt. No. 13-1, pp. 1-2.[1]

On September 29, 2021, Rose was convicted by a state jury for escape causing bodily injury to an officer with a deadly weapon and taking a weapon from an officer. Id., pp. 3, 12. He was sentenced to three years of incarceration for the escape charge and four years of incarceration for the taking a weapon charge, with those sentences to be served

---

[1] The page numbers refer to the Bates numbers at the bottom of the page.

concurrently. <u>Id</u>.  On each conviction, he was given 764 days of credit for time spent in pre-conviction incarceration. <u>Id</u>.

On July 29, 2022, Rose filed a petition for a <u>writ of habeas corpus</u> in this Court. Dkt. No. 1.  Rose alleges that he has earned one year, five months and four days of work time credit and one year, ten months and 26 days of good time credit and neither of those credits are being applied to his sentence to permit him to receive mandatory parole. <u>Id</u>.  He alleges that if those credits were applied to his sentence, he would be immediately released. <u>Id</u>.

Rose alleges in his complaint that he filed a time credit dispute with TDCJ and a <u>writ of habeas corpus</u> with the Texas Court of Criminal Appeals, challenging this calculation. Dkt. No. 1, pp. 2-3.

On July 29, 2022, the Court ordered the State to file the relevant state court records and a response to Rose's petition. Dkt. No. 4.

On September 23, 2022, the State timely filed the records and response. Dkt. Nos. 13, 14.  The records include affidavits from Wade Papadakis, a deputy clerk with the Court of Criminal Appeals and Charley Valdez, a program supervisor in the TDCJ records division. Dkt. No. 13-1, pp. 19-22.  Both Papadakis and Valdez state that they have no record of any <u>habeas</u> petition or time dispute being filed by Rose. <u>Id</u>.

In its response, the State argues that Rose's petition is unexhausted and substantively meritless. Dkt. No. 14.

## II. Applicable Law

### A. Section 2254

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court may not issue a <u>writ of habeas corpus</u> for a defendant convicted under a state judgment, unless the adjudication of the claim by the state court: "(1) resulted in a decision that was contrary to, or involved an

2

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result.'" Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Simmons, at 534 (quoting Williams, at 407).

Additionally, the AEDPA requires that federal law be "clearly established" "as articulated by the Supreme Court." Woodfox v. Cain, 609 F.3d 774, 800 n. 14 (5th Cir. 2010). "[A] decision by . . . [the Fifth Circuit] . . . or one of our sister circuits, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." Salazar v. Dretke, 419 F.3d 384, 399 (5th Cir. 2005).

Furthermore, a federal court may not review a state court's determination of state law issues. Thompson v. Thaler, 432 F. App'x 376, 379 (5th Cir. 2011); McCarthy v. Thaler, 482 F. App'x 898, 903 (5th Cir. 2012). "Under § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law." Charles v. Thaler, 629 F.3d 494, 500–01 (5th Cir. 2011) (emphasis original). "It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law, and we defer to the

state courts interpretation of the Texas ... statute." <u>Schaetzle v. Cockrell</u>, 343 F.3d 440, 449 (5th Cir. 2003) (quoting <u>Weeks v. Scott</u>, 55 F.3d 1059, 1063 (5th Cir. 1995)).

### B. Exhaustion

The Court may not consider the petition if the petitioner has not exhausted the remedies available in the state court. <u>Scott v. Hubert</u>, 635 F.3d 659, 667 (5th Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(A) ). This limitation applies because, under § 2254, the Court can only review a state court's decision. If the petitioner did not raise the issue in the state courts, then there is no decision to review. <u>Neal v. Puckett</u>, 286 F.3d 230, 246 (5th Cir. 2002).

Generally, in order to be exhausted, the petitioner must present "his legal claim to the highest state court in a procedurally proper manner." <u>Nickleson v. Stephens</u>, 803 F.3d 748, 753 (5th Cir. 2015). "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." <u>Young v. Davis</u>, 835 F.3d 520, 525 (5th Cir. 2016). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." <u>Wilder v. Cockrell</u>, 274 F.3d 255, 259 (5th Cir. 2001) (quoting <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982)). If a petitioner uses one set of operative facts to raise an argument in state court and then relies on those same facts to argue a different legal theory in federal court, the claim is still unexhausted. <u>Wilder</u>, 274 F.3d at 259 (citing <u>Vela v. Estelle</u>, 708 F.2d 954, 958 n. 5 (5th Cir. 1983)).

## III. Analysis

Rose is proceeding <u>pro se</u>. Allegations by <u>pro se</u> litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." <u>Birl v. Estelle</u>, 660 F.2d 592, 593 (5th Cir. 1981). Even with that latitude, Rose's claims do not entitle him to relief. His claims are unexhausted and substantively meritless.

**A. Unexhausted**

As previously noted, a federal court may not consider a state <u>habeas</u> claim if that claim has not been properly presented to the state courts.  Under § 2254, federal courts merely review the decisions issued by state courts. <u>Neal</u>, 286 F.3d at 246.

Under state law, a prisoner must generally first file a time credit dispute with TDCJ prior to filing a state <u>writ of habeas corpus</u>. TEX. GOV'T CODE § 501.0081(b)(1).  While Rose alleges that he filed such a dispute, Valdez's affidavit states that "This office has not received any Time Dispute Resolution Forms from Inmate Rose." Dkt. No. 13-1, p. 21.  Rose also alleges that he filed a state <u>habeas</u> petition, but Papadakis's affidavit states that no such writ was filed with the Court of Criminal Appeals. Dkt. No. 13-1, p. 19.  The Court will not affirmatively resolve whether Rose filed either the dispute form or the state habeas petition; what is clear is that no decision has been rendered by either TDCJ or the Court of Criminal Appeals.

Because no decision has been made by either TDCJ or the Court of Criminal Appeals, Rose's petition is unexhausted. <u>Feist v. Director</u>, 2007 WL 2901144, at *2 (E.D. Tex. Oct. 2, 2007); <u>Leal v. Dretke</u>, 2005 WL 3287462, at *4 (W.D. Tex. Dec. 5, 2005).  As such, it should be dismissed to permit Rose to fully exhaust his claims. <u>Id</u>.

Even if the Court were to consider Rose's claims exhausted, he would fare no better.

**B. Substantively Meritless**

Rose's claims, even if considered exhausted, do not entitle him to relief.

Under Texas law, work credits are treated as a form of good conduct time credit. <u>Evans v. Davis</u>, 2019 WL 7281936, at *4 (S.D. Tex. Dec. 27, 2019).  Good conduct time credits do not reduce the total sentence served by an inmate, but only applies to "eligibility for parole or mandatory supervision." TEX. GOV'T CODE § 498.003(a).  However, inmates are treated differently based on the underlying conviction.

Many inmates are subject to mandatory supervised release. In such cases, a parole panel must release them from incarceration once their actual time served, plus any good conduct time credit, equals the term to which they were sentenced. TEX. GOV'T CODE § 508.147(a).

If, however, the trial court judgment finds that a defendant used a deadly weapon in the commission of the crime, the inmate is ineligible for mandatory supervision. TEX. GOV'T CODE § 508.149(a)(1).  If an inmate is ineligible for mandatory supervision, he or she may be released to parole once their time served, plus good time credits, equals the term to which they were sentenced, but in such cases parole is discretionary and is not guaranteed. Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000).  "Because it is entirely speculative whether a prisoner will be released on parole, the court has determined that there is no constitutional expectancy of parole in Texas." Id. (internal quotation marks omitted).

Rose's judgment of conviction shows that he used a deadly weapon in the commission of the offense. Dkt. No. 13-1, p. 3.  As such, he is statutorily ineligible for mandatory supervision. TEX. GOV'T CODE § 508.149(a)(1).  Rose can only be released on discretionary parole and "he has no cognizable claim in a habeas proceeding for loss of good time credits that impact discretionary parole." Evans v. Davis, 2019 WL 7281936, at *3 (S.D. Tex. Dec. 27, 2019) (citing Madison v. Parker, 104 F.3d 765, 769 (5th Cir. 1997)). Because Rose's claim is not cognizable, this claim should be dismissed.

## IV. Recommendation

It is recommended that the petition for writ of habeas corpus filed by Jesse Robert Rose be dismissed without prejudice for failure to exhaust state remedies.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs.,</u> <u>L.L.C.,</u> 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on September 27, 2022.

Ronald G. Morgan
United States Magistrate Judge